**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glenn M. WADE, Defendant–Appellant.**

No. 87–3035.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 1988 *.

Decided March 9, 1988.

Glenn M. Wade, pro se.

Mark R. Davis, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before BROWNING, Chief Judge,
NORRIS and O'SCANNLAIN, Circuit
Judges.

PER CURIAM:

Wade appeals pro se his conviction on three counts of willful failure to file income tax returns in violation of 26 U.S.C. § 7203. Wade filed his notice of appeal on April 13,

---

* The panel unanimously finds this case appropriate for decision without oral argument pursuant

to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

1987—after the jury verdict (4/3/87), but before entry of the final judgment and sentence (5/7/87). No new notice was filed after sentencing. The government challenges Wade's appeal as untimely under Fed.R.App.P. 4(b).

Rule 4(b) requires that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." Final judgment in a criminal case means the sentence. *Berman v. United States*, 302 U.S. 211, 212–213, 58 S.Ct. 164, 165–166, 82 L.Ed. 204 (1937). Although Wade's notice of appeal was premature, we agree with the Third, Seventh, and Eleventh Circuits that a notice of appeal filed after a verdict but before sentencing ripens into an appealable order when the judgment of sentence is entered. *United States v. Hashazen*, 816 F.2d 899 (3rd Cir.1987) (en banc); *United States v. Curry*, 760 F.2d 1079 (11th Cir. 1985); *United States v. Moore*, 616 F.2d 1030 (7th Cir.1980). Following these circuits, we hold that premature notice under the circumstances of this case is a mere technical irregularity governed by the requirement of Fed.R.Crim.P. 52(a) that: "Any error, defect or irregularity or variance which does not affect substantive rights shall be disregarded."

As the other circuits have noted, our holding accords with the Supreme Court's reasoning in *Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953), in which the Court upheld the validity of a notice of appeal filed after sentencing but before the formal entry of judgment. Construing the requirements of Rule 4(b) in light of its purpose to prevent prejudice from prematurity, the Court found the premature filing to be harmless error under Rule 52(a) because it provided full notice of the judgment challenged. *Id.* at 326, 74 S.Ct. at 1. As in *Lemke*, Wade's notice of appeal was on file when formal judgment was entered and "gave full notice after that date, as well as before, of the sentence and judgment which [defendant] challenged." *Id.*

Our holding does not conflict with the Supreme Court's recent decision in *Acosta v. Louisiana Department of Health and Human Resources*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986) in which the Court strictly construed the language of Rule 4(a)(4) and found ineffectual a notice of appeal in a civil case filed after the announcement of a decision on a Rule 59 motion but before the order denying the motion was filed. The Court's decision rested entirely on its reading of the specific language of Rule 4(a)(4) which explicitly mandates that "[a] notice of appeal filed before the disposition of [a Rule 59 motion] shall have no effect." No such language appears in Rule 4(b) at issue in this case.

On the merits, we AFFIRM Wade's conviction for the reasons stated in an unpublished memorandum disposition filed herewith.