**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stephen W. DENNIS,
Defendant–Appellant.**

No. 88–3048.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1990.

Decided May 16, 1990.

Thomas E. Karmgard, Asst. U.S. Atty., Office of the United States Attorney, Danville, Ill., for plaintiff-appellee.

David W. Gleicher, Skokie, Ill., Stephen W. Dennis, Bettendorf, Iowa, for defendant-appellant.

Before WOOD, Jr., EASTERBROOK, and MANION, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Stephen W. Dennis has attempted to appeal the district court's judgments taxing him with the costs of prosecution and defense. These judgments grew out of his multiple-count convictions for evasion of federal income taxes and for the filing of fraudulent withholding exemption certificates. *See* 26 U.S.C. §§ 7201, 7205. We say that Dennis has only attempted to appeal these judgments, because his premature notice of appeal deprives us of jurisdiction.

Neither party brought this jurisdictional problem to the court's attention. *See* 7TH CIR. R. 3(c), 28(b)-(c). Dennis's failure to file an early jurisdictional statement in compliance with circuit rule 3(c), grounds by itself to warrant the dismissal of this appeal, *see Despenza v. O'Leary*, 889 F.2d 113 (7th Cir.1989), undoubtedly contributed to the parties' failure to flag this problem. We remind litigants, especially the United States, that this court relies on them to address problematic jurisdictional points. *See Espinueva v. Garrett*, 895 F.2d 1164, 1166 (7th Cir.1990).

On October 11, 1988, the district court entered a judgment of conviction against Dennis for five years imprisonment plus three concurrent one-year sentences of imprisonment and a consecutive five-year sentence of probation. Three days later, Dennis filed his notice of appeal. In December 1988, after hearing the arguments of counsel, the district court amended the previous judgment of conviction. The court reduced the sentence of imprisonment to time served and ordered Dennis to pay $3,749.67 in prosecution costs as a condition of probation. In February 1989, the district court again amended its judgment of conviction, imposing as another condition of Dennis's probation the reimbursement to the government of $6,436.56 for the costs of his court-appointed attorney.

 Dennis now asserts that his notice of appeal filed on October 14, 1988, should be effective to contest the district court's imposition of costs in December 1988 and February 1989. None of the district court proceedings that occurred before the filing of this appeal are challenged in this court, although the notice of appeal purports to appeal only from the October 11 judgment. *See* FED. R. APP. P. 3(c). Dennis also does not suggest that the district court lacked jurisdiction to impose costs after the notice of appeal was filed, because it clearly had the power to do so. *See Apostol v. Gallion*, 870 F.2d 1335, 1337–38 (7th Cir.1989); *Krull v. Celotex*

*Corp.,* 827 F.2d 80, 82 (7th Cir.1987). Therefore, it would seem to be indisputable that Dennis's notice of appeal was ineffective to challenge the later district court actions. *Cf. Wielgos v. Commonwealth Edison Co.,* 892 F.2d 509, 511–12 (7th Cir. 1989) (interpreting FED. R. APP. P. 4(a) governing civil appeals to require a separate notice of appeal to challenge an award of costs).

Nevertheless, Dennis urges us to follow the example of cases where appellate courts have found a criminal defendant's notice of appeal effective despite its filing before sentencing and the formal entry of a judgment of conviction but after the jury verdict. *See, e.g., United States v. Green,* 847 F.2d 622 (10th Cir.1988) (en banc); *United States v. Wade,* 841 F.2d 331 (9th Cir.1988); *United States v. Hashagen,* 816 F.2d 899, 900–06 (3d Cir.1987) (en banc); *United States v. Moore,* 616 F.2d 1030, 1031–32 (7th Cir.1980), *cert. denied,* 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980). In all of these cases, the potential appellant only challenged district court proceedings that occurred before the filing of the notice of appeal, and the sole procedural defect was filing the appeal before the district court formally rendered a sentence. *See Green,* 847 F.2d at 623–24 (finding jurisdiction where premature notice of appeal "does not question the sentence itself"). Thus, this line of cases does not squarely support Dennis's position.

The circumstances of this case do not present an opportunity to extend analogous principles that would validate Dennis's premature notice of appeal. A notice of appeal is meant to provide notice that a party intends to have the court of appeals review findings of the district court. Where the notice of appeal is filed shortly before entry of the judgment of conviction, it is clear that the appellant intended to contest that judgment. *See Green,* 847 F.2d at 624; *Moore,* 616 F.2d at 1032. In this case, the notice of appeal filed on October 14 could not be reasonably interpreted as indicating that Dennis intended to contest future district court proceedings.

Although courts have found the harmless error rule, *see* FED. R. CRIM. P. 52(a),

grounds to relax some of the harsh time requirements surrounding the filing of a criminal defendant's notice of appeal, *e.g., Wade,* 841 F.2d at 332; *Hashagen,* 816 F.2d at 902, 904; *Moore,* 616 F.2d at 1032, lines have to be drawn somewhere. Allowing Dennis's notice of appeal to invoke appellate review of the district court's later proceedings would seem to be no different than the route rejected in *Matranga v. United States,* 392 F.Supp. 249, 254 (D.S.C. 1975), where a notice of appeal was filed in the event the district court made a decision adverse to the would-be appellant. Taking Dennis's argument to its logical conclusion, this court would have to recognize his October 14, 1988, notice of appeal as effective to invoke our review of any adverse decision subsequently made against him. Such an argument sweeps too broadly and would eviscerate the rules governing the filing of a notice of appeal. Whatever discretion this court has to relax the time limits on a notice of appeal could not be prudently exercised in this case. Accordingly, for want of appellate jurisdiction, this appeal is

DISMISSED.