UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 17, 2006[*]
Decided February 21, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3118

| | |
|---|---|
| CLARENCE M. EASTERLING, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-615 |
| NICOLE KOPP and ALBERT GONZALES, <br> *Defendants-Appellees.* | William C. Griesbach, *Judge.* |

**ORDER**

Clarence Easterling sued under 42 U.S.C. § 1983 claiming that Nicole Kopp and Albert Gonzales, police officers in Kenosha, Wisconsin, violated his Fourth Amendment rights by searching his apartment without a warrant. Kopp and Gonzales suspected Easterling of stealing frozen pizzas from a convenience store and had tracked him to his apartment a short time after the April 2001 theft. The officers admit that they entered the apartment that Easterling and several other

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

men shared, and that they searched the living room and kitchen and confiscated several frozen pizzas from the freezer (theft charges were brought but later dropped when Easterling pleaded guilty to other, unrelated crimes). In moving for summary judgment, however, the officers submitted an affidavit from Kopp stating that one of Easterling's roommates, David Scheuer, gave permission to enter and look around the apartment. The officers also submitted an affidavit by Scheuer stating that he let the police into the apartment and gave permission to look around. The district court granted summary judgment in favor of Kopp and Gonzales.

On appeal Easterling argues that the district court erroneously failed to enlist counsel to assist him, and that this error resulted in his suit being dismissed at summary judgment. Easterling explains that his presentation was hampered by the purported complexity of the consent issue and his lack of experience in civil litigation. He also says that, because a "no-contact" order prevented him from communicating with Scheuer, he needed counsel to interview Scheuer and ascertain whether Scheuer in fact had given the officers permission to enter and search the apartment.

The officers reply that the latter contention—whether offered as a reason why counsel was necessary or as an independent argument—is forfeited because Easterling failed to raise it in the district court. We agree. Contentions made for the first time on appeal are forfeited. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 381 F.3d 717, 728 (7th Cir. 2004). Although Easterling included in his complaint a one-sentence request for appointment of counsel, he never mentioned the no-contact order (which as far as we can tell, was imposed as a condition of post-imprisonment supervision that he has not yet commenced) or informed the district court that he was unable to contact Scheuer directly. In fact, he did not give the court any explanation at all for requesting counsel. Nor did he alert the court by way of Fed. R. Civ. P. 56(f) that he would be unable to oppose the officers' motion for summary judgment unless he was given an opportunity to interview Scheuer. *See Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005); *Serpico v. Laborers' Int'l Union of N. Am.*, 97 F.3d 995, 998 (7th Cir. 1996).

In any case, the district court did not abuse its discretion in deciding not to seek counsel for Easterling. Litigants requesting that counsel be recruited must show as a threshold matter that they made a reasonable attempt to secure private counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995); *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also* 28 U.S.C. § 1915(e)(1). Easterling did not even suggest to the district court that he attempted to secure private counsel, nor did he explain why he failed to do so. Moreover the difficulty and complexity of a case is an important factor in determining whether counsel is necessary. *See Gil*, 381 F.3d at 656. The

district court considered this factor and correctly concluded that Easterling's case was not complex; either Scheur gave the officers permission to enter and search the apartment or he did not.

Easterling also argues that the district court erred in awarding costs to the City of Kenosha, which was never a party to the litigation. We cannot review this argument because Easterling did not appeal the order of costs. A notice of appeal from a judgment on the merits is not effective with respect to a later-issued award of costs. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 468–69 (7th Cir. 1999); *United States v. Dennis*, 902 F.2d 591, 592–93 (7th Cir. 1990); *Wieglos v. Commonwealth Edison Co.*, 892 F.2d 509, 511 (7th Cir. 1989). In this case costs were awarded after Easterling filed his notice of appeal from the final judgment on the merits. He never filed a second notice of appeal or amended the original to include the order of costs. As a result, the propriety of awarding costs to Kenosha is beyond the scope of this appeal.

AFFIRMED.