NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2013[*]
Decided June 21, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1567

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:98-CR-00121-003 |
| CHRISTOPHER L. HARRIS, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**ORDER**

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Christopher Harris pleaded guilty in 1999 to conspiracy to possess and distribute powder and crack cocaine, 21 U.S.C. §§ 846, 841(a)(1)(A)(ii). The drug operation spanned from California to New York, and Harris transported substantial quantities of cocaine during his three-year involvement. His criminal history includes convictions for possessing cocaine, robbery, and resisting arrest. The district court sentenced him to 300 months' imprisonment and imposed a fine and special assessment totaling $2,100. While in prison, Harris has been disciplined for—among other infractions—threatening prison staff with bodily harm, fighting with another inmate, and possessing postage stamps worth more than $1,000.

After the United States Sentencing Commission retroactively lowered the base offense level for most crack offenses, *see generally* U.S.S.G. app. C, vol. III, at 391–98, 417–21 (Amendments 750, 759), Harris moved the district court to reduce his sentence, *see* 18 U.S.C. § 3582(c)(2). The court determined that Harris was eligible for a sentence reduction but denied the motion because of his postsentencing conduct and the danger to the community that early release would pose. Harris filed a notice of appeal from that ruling.

The issue he has briefed, however, has nothing to do with the decision on his § 3582(c)(2) motion. Harris instead discusses the district court's denial of an unrelated motion to discharge purported monetary penalties totaling between $4 million and $8 million. That order was entered more than a month after Harris filed his notice of appeal, so the issue is not properly before us. *See United States v. Hoover*, 240 F.3d 593, 595 (7th Cir. 2001); *United States v. Dennis*, 902 F.2d 591, 592–93 (7th Cir. 1990). Moreover, Harris's contention that the government is holding him in prison because he owes millions of dollars in monetary penalties is the same frivolous claim he made in other appeals that we already have dismissed. *See United States v. Harris*, Nos. 12-3744, 13-1312 & 13-1395 (7th Cir. Mar. 18, 2013) (imposing filing restriction and $500 sanction for pursuing frivolous appeals).

Although Harris has attached to his opening brief a copy of the order denying his motion for a reduced sentence, he makes no discernable argument about that ruling. We construe pro se filings liberally, but since Harris has not articulated any reason why the district court's decision should be overturned, we dismiss the appeal. *See* FED. R. APP. P. 28(a)(9); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED.