**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Johnny MOORE, Defendant-Appellant.**

**No. 79–1333.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 11, 1979.

Decided March 14, 1980.

T. Lee Boyd, Jr., Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U. S. Atty., Douglas J. Miller, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and TONE and CUDAHY, Circuit Judges.

TONE, Circuit Judge.

The principal issue before us is the relief that should be afforded to a defendant who has been convicted of both robbery and possession, when the cumulation of the two offenses was legally impermissible. We hold that a new trial is unnecessary, and that the conviction and sentence for possession should be vacated and the conviction and the sentence for robbery should be affirmed.

Defendant Johnny Moore was found guilty in a jury trial on one count charging violent robbery of a postal employee, in violation of 18 U.S.C. § 2114, and on four counts charging possession of pieces of mail stolen in the robbery, in violation of 18 U.S.C. § 1708. The evidence was ample to sustain the conviction under each of the counts.[1] The problem before us arises from the rule prohibiting "cumulative convictions and sentences under § 2114 and § 1708," *United States v. Seals*, 545 F.2d 26, 29 (7th Cir. 1976), which the government concedes makes it impossible to defend the judgment in its entirety.

### I.

Before reaching the merits, we are required to decide a jurisdictional question, which we have raised *sua sponte*. That question is whether a notice of appeal filed before the sentencing and the entry of final judgment effectively perfected an appeal from that judgment. We hold that it did, in the circumstances of this case.

The sequence of events was this: The guilty verdicts on the several counts were returned on Friday, March 9, 1979 and are reflected in the clerk's minute order of that date reciting the verdicts, entering judgment thereon, and setting the sentencing for April 16, 1979. On March 21 Moore filed a written motion for new trial, which he amended on April 3 and which, as amended, the court denied on that date. On March 27, Moore filed a notice of appeal, stating that he was appealing "from the judgment of conviction entered on March 9, 1979, the sentence to be imposed therein [sic] on April 16, 1979, and from the Order entered on March 9, 1979, denying the Defendant['s] . . . Post Trial Motions." (The last reference is apparently to oral post-trial motions presented when the verdict was returned.)

The fact that the notice of appeal, although filed on March 27, 1979, appeals from "the sentence to be imposed therein on April 16, 1979" distinguishes this case from *United States v. Mathews*, 462 F.2d 182 (3d Cir. 1972), in which a notice of appeal filed before sentencing from an order denying post-trial motions was held not to effect an appeal. In *Mathews* the court relied upon the dictum in *Corey v. United States*, 375 U.S. 169, 172, 84 S.Ct. 298, 301, 11 L.Ed.2d 229 (1963), that "[a]n appeal may not be taken until after the pronounce-

1. *See* Part III *infra.*

ment of sentence, and must be taken promptly after sentence is imposed." The *Mathews* court also noted the inapplicability of the second sentence of Rule 4(b), Fed.R.App.P., which reads,

A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

That sentence, said the court, covers the situation found in *Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953), where the Court held effective a notice of appeal filed after sentencing but before the formal entry of judgment. 462 F.2d at 184 n.2.

The reasoning of the *Lemke* decision, however, supports our jurisdiction under the circumstances present in the case at bar. There the Court said,

The notice of appeal filed on March 11 was, however, still on file on March 14 [when the formal judgment was entered] and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged. We think the irregularity is governed by Rule

52(a) which reads "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

346 U.S. at 326, 74 S.Ct. at 1. Here, as in *Lemke*, the notice of appeal was on file when the formal final judgment was entered and "gave full notice after that date, as well as before, of the sentence and judgment which [defendant] challenged." The filing of the otherwise adequate notice of appeal before rather than after the sentence and judgment was an irregularity governed by Rule 52(a).[2]

## II.

 There is no reason to require a new trial under the circumstances present in this case. By its verdict the jury found on the basis of adequate evidence that Moore robbed the postal employee and later had pieces of mail from the robbery in his possession.[3] These findings are of course perfectly consistent with one another. The reason they will not support convictions for both robbery and possession is a legal one: we will not impute to Congress an intention to punish the thief twice. *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5

---

**2.** Our conclusion is confirmed by the 1979 amendment to Rule 4, Fed.R.App.P. Paragraph (a), which deals with appeals in civil cases, was amended to provide that a notice of appeal filed before the disposition of a post-trial motion shall have no effect. (Rule 4(a)(4).) No similar change was made in paragraph (b), dealing with appeals in criminal cases. Both paragraphs (a) and (b) require that the notice of appeal be filed "within" so many days after entry of the judgment or order appealed from. In its note to the amendment to subdivision (a)(4), the Advisory Committee recognized the ambiguity that existed in the rule before the change. (Courts had held premature notices of appeal effective in civil cases. *Richerson v. Jones*, 551 F.2d 918, 922 (3d Cir. 1977); *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966).) Also, the Committee explained that the change was made because the proposed amendments to Rules 3, 10, and 12 contemplated "that immediately upon the filing of a notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps toward its disposition set in motion," and proceeding with the appeal while the trial court still has the post-trial motions before it is likely to involve wasted effort. The reason for the change is equally applicable to criminal

appeals, yet the Committee obviously made a deliberate choice not to make a parallel change in paragraph (b) of the rule. It is reasonable to infer that the reason for the Committee's failure to do so was its reluctance to interpose technical obstacles to appeals on the merits in criminal cases.

**3.** The trial court should have instructed the jury that it could not find Moore guilty of both robbery and possession, that in its deliberations it should first determine the issue of guilt on the robbery count, and that only if it found him not guilty on that count should it go on to consider the possession count. *See United States v. Gaddis*, 424 U.S. 544, 550, 96 S.Ct. 1023, 1027, 47 L.Ed.2d 222 (1976). (A practical method of insuring compliance with such an instruction would be an appropriate notation on the forms of verdict submitted to the jury.) Neither side asked for such an instruction, however, or called the court's attention to the cumulation problem. It would seem likely, in fact, that, if the prosecutor had been aware of that problem before the case was submitted to the jury, he would have moved to dismiss the possession counts.

L.Ed.2d 773 (1961); *United States v. Seals*, 545 F.2d at 28–29; *see United States v. Makres*, 598 F.2d 1072, 1074–77 (7th Cir. 1979) (analyzing the cumulative punishment cases). This, obviously, is a reason for vacating the conviction for the possession that inevitably follows the robbery but, equally obviously, not for requiring a new trial.

Moore relies upon *Milanovich v. United States, supra*, in which the Supreme Court did order a new trial after holding that robbery and possession offenses could not be cumulated. 365 U.S. at 554–56, 81 S.Ct. at 729–30. In his opinion for the Court in *United States v. Gaddis*, 424 U.S. 544, 548–49, 96 S.Ct. 1023, 1026–1027, 47 L.Ed.2d 222 (1976), the author of *Milanovich*, Justice Stewart, described it as having "very unusual facts" and distinguished it. In a concurring opinion, Justice White, joined by the Chief Justice, stated that he did "not read the Court's opinion as reaffirming, in addition to describing, the *Milanovich* rule that a new trial is required when (1) a jury is erroneously permitted to convict a defendant both of bank robbery, 18 U.S.C. § 2113(a), (b), or (d), and of knowing possession of the proceeds of that robbery, 18 U.S.C. § 2113(c), and (2) there is evidence to support both convictions." *Id.* at 551, 96 S.Ct. at 1028. He also pointed out that if the jury is erroneously allowed to consider and convict on the possession count after having decided to convict on the robbery count, the conviction for possession "casts absolutely no doubt on the validity of the robbery conviction," and a new trial should not be required. *Id.* at 551–53, 96 S.Ct. at 1028. Justice Stewart did not disclaim Justice White's interpretation of the majority opinion.

A further indication of the Supreme Court's position on the issue before us appears from the history of another case. In *United States v. Sellers*, 520 F.2d 1281 (1975), the Fourth Circuit, in an opinion by Mr. Justice Clark,[4] sitting by designation, held that convictions for both theft of bank funds and possession of stolen bank funds under 18 U.S.C. § 2113 could not stand. The relief granted was conditional: If the government would stipulate to vacating the theft counts, the possession count would be allowed to stand; but if the government refused to so stipulate, the conviction on all counts would be vacated and the defendant would receive a new trial. In an order entered nineteen days after deciding *Gaddis*, the Supreme Court granted certiorari, vacated the judgment of the court of appeals, and remanded the case for further consideration in light of *Gaddis*. On remand, the court of appeals, in another opinion by Mr. Justice Clark, modified its judgment as follows:

> In view of the *Gaddis* decision and its effect upon our prior decision in this case, our prior order is modified as follows: The conviction on the possession of stolen money under 18 U.S.C. § 2113(c) is hereby reversed, and the remaining convictions [for theft] under 18 U.S.C. § 2113(a), (b), and (d) are affirmed.

547 F.2d 785, 786 (1976). This time the Supreme Court denied certiorari, 429 U.S. 1075, 97 S.Ct. 815, 50 L.Ed.2d 793 (1977). A different panel of the Fourth Circuit followed the same course without mentioning *Sellers* in *Proffitt v. United States*, 549 F.2d 910 (4th Cir. 1976), *cert. denied*, 429 U.S. 1076, 97 S.Ct. 818, 50 L.Ed.2d 795 (1977).[5] The court said in *Proffitt*: "We follow the concurring opinion of Mr. Justice White in *United States v. Gaddis*" in setting aside only the possession conviction.

Other circuits faced with the issue before us have done likewise. *United States v. DiGeronimo*, 598 F.2d 746, 752–53 (2d Cir. 1979); *United States v. Crawford*, 576 F.2d 794, 800–01 (9th Cir.), *cert. denied*, 439 U.S. 851, 99 S.Ct. 157, 58 L.Ed.2d 155 (1978); *cf. Gentry v. United States*, 533 F.2d 998, 999–1000 (6th Cir. 1976) (distinguishing *Milanovich* on the ground that no evidence of the

---

4. Who, as a member of the Supreme Court, dissented in *Milanovich*, 365 U.S. at 556, 562, 81 S.Ct. at 733.

5. The *Sellers* decision on remand was initially issued April 10, 1975, but modified September 2, 1976. 547 F.2d 785. The *Proffitt* decision was issued August 25, 1976.

receipt of proceeds of the robbery was presented).

Like the other circuits that have addressed the issue, we read *Gaddis* as indicating that the appropriate procedure is affirmance of the robbery conviction and vacation of the conviction and sentence under the possession counts. *Sellers* confirms this conclusion.

### III.

Moore makes two other arguments, neither of which requires much discussion.

He argues in his brief that the evidence was insufficient on the possession counts, but on oral argument he seemed to withdraw that argument as incompatible with his argument that a new trial is required. *Cf. United States v. Gaddis, supra,* 424 U.S. at 549, 96 S.Ct. at 1027. In any event, and while we think there was ample evidence to support conviction on the possession counts, whether the evidence was insufficient is moot because the judgment must be vacated in any event as to the possession counts.

Finally, Moore argues that it was error to admit evidence of certain acts of an alleged accomplice without a preliminary determination that he and the accomplice were joint venturers. He relies on *United States v. Santiago,* 582 F.2d 1128, 1133 (7th Cir. 1978). It is unnecessary to discuss the appropriateness of a *Santiago* determination when acts rather than declarations of a joint venturer are offered. (The judge in fact made such a determination here, albeit belatedly.) The acts were relevant on the robbery charge without regard to whether they are imputed to Moore. The accomplice, Deborah Turner, admittedly was in Moore's company at the scene of the robbery. Moore's theory of defense was that Turner and an unidentified man committed the robbery and Moore, although present at the scene, did not participate. The challenged evidence tended to prove that on two dates shortly after the robbery Turner went to a bank in Moore's car and deposited checks stolen in the robbery. Moore's fingerprints or handwriting appeared on some of the checks and deposit slips. Plainly relevant as showing that Moore was a participant in the robbery and not merely an innocent observer, the evidence was properly admitted.

Affirmed In Part; Vacated In Part.