**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy Francis CURRY and Kenneth Herbert Caiata, Defendants-Appellants.**

**No. 84–5953.**

United States Court of Appeals, Eleventh Circuit.

April 29, 1985.

Vincent P. McGhee, McGhee & Sharpe, Miami, Fla., for Curry.

Bronis & Portela, P.A., Stephen J. Bronis, Miami, Fla., for Caiata.

Stanley Marcus, U.S. Atty., Miami, Fla., for United States.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant Curry filed a notice of appeal following a jury verdict of guilty but prior to sentencing and before judgment and conviction were entered. No new notice of appeal was filed after sentencing. The court has raised of its own motion the question of whether it has jurisdiction of Curry's appeal.

 In a criminal case the notice of appeal is to be filed in district court within ten days after the entry of the judgment or order appealed from. Rule 4(b) FRAP. In a criminal case the final judgment means the sentence. The sentence is the judgment. *Berman v. U.S.*, 302 U.S. 211, 212–213, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937). We agree with the Seventh Circuit decision in *U.S. v. Moore*, 616 F.2d 1030 (1980) that in circumstances like those before us the premature notice of appeal is effective to perfect an appeal as of the date

the sentence is entered as the judgment. The Seventh Circuit relied upon the fact that the premature notice of appeal gave full notice of the sentence and judgment that the defendant wanted to challenge. It therefore concluded that the premature notice was a mere irregularity governed by Rule 52(a): "Any error, defect or irregularity or variance which does not affect substantial rights shall be disregarded." The court's conclusion was buttressed by the 1979 amendment to Rule 4 FRAP. Rule 4(a) was amended to provide that a notice of appeal in a civil case, filed before the disposition of a post-trial motion, shall have no effect. No similar change was made in paragraph (b), covering appeals in criminal cases.

■ The Seventh Circuit distinguished *U.S. v. Mathews*, 462 F.2d 182 (3d Cir. 1972), in which after verdict and before sentencing the defendant filed a motion for a new trial. While the motion was pending he filed a notice of appeal from the judgment of conviction entered March 9, 1979 [the date of the verdict], from an order entered the same day denying post-trial motions, and from the sentence to be imposed on April 16, 1979 [the date set for sentencing]. While it did not so state specifically the Seventh Circuit implied that this three-part notice did not give accurate notice of exactly what it was the defendant was seeking to appeal from. Moreover, *Mathews* was decided before the 1979 amendment to Rule 4, and *Moore* after the amendment.[1]

We hold that, in the circumstance of the present case, we have jurisdiction of Curry's appeal.

---

**1.** Also, while the Third Circuit held in *Mathews* that it had no jurisdiction it proceeded to examine all of appellant's contentions advanced in brief and oral argument and found them to be without merit.