**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul Robert GREEN,
Defendant–Appellant.**

No. 85–2671.

United States Court of Appeals,
Tenth Circuit.

May 19, 1988.

Richard Vallejo, Oklahoma City, Okl., for defendant-appellant.

William S. Price, U.S. Atty., Frank Michael Ringer, Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, McKAY, LOGAN, SEYMOUR, MOORE, ANDERSON, TACHA, BALDOCK and BRORBY, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner, Paul Robert Green, was indicted under 18 U.S.C. § 2113(a) for the armed robbery of a federal savings and loan association in Stillwater, Oklahoma. He sought dismissal of the indictment, alleging that the government did not properly alert him to his right to demand a speedy trial. The district court denied this motion on October 18, 1985. On the same day, Green entered and the court accepted a conditional plea of guilty, pursuant to Fed.R.Crim.P. 11(a)(2). Ten days later, Green filed a notice of appeal "from the Order entered and filed herein on the 18th day of October, 1985 ... [denying] the defendant's Motion to Dismiss Indictment." Notice of Appeal, filed Oct. 28, 1985. Finally, on December 5, 1985, the court sentenced Green and entered its order of judgment and commitment.

In our initial consideration of this appeal, we declined to take jurisdiction. *United States v. Green*, No. 85–2671 (10th Cir. July 8, 1987). We held that Green's notice of appeal was premature, having been filed before sentencing and entry of the judgment; we said that the appealed order "was not a final order within the meaning of 28 U.S.C. § 1291 or any of its recognized exceptions." *Id.*, slip op. at 2–3. In this petition for rehearing, Green contends that his notice of appeal, although premature, was nevertheless sufficient.

■ Because cases in other circuits have taken a position contrary to that reached in the panel opinion, we determined to rehear the jurisdictional issue en banc. We ordered the case submitted without oral argument but gave the parties the right to submit supplemental briefing to the en banc court. To resolve the jurisdictional issue, we must determine, first, whether a notice of appeal filed after a conditional plea of guilty but before sentencing is sufficient to permit us to exercise jurisdiction. Answering this in the affirmative, we must then determine whether this is an appropriate case to apply such a relaxed rule.

While 28 U.S.C. § 1291 permits, with limited exceptions, review only of final decisions of the district courts, it says nothing about when the *notice* of appeal must be filed. Fed.R.App.P. 4(b) provides that, in criminal cases, a "notice of appeal filed after the announcement of a decision, sentence, or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof." Rule 4(b) does not allow a notice of appeal filed after announcement of an interlocutory order to confer appellate jurisdiction when the case is finally terminated; rather, it addresses cases in which the filing occurs after the announcement of a decision with the substantive requisites of finality.

There is a jurisprudence of permissible premature notices in criminal cases. In *Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953) (per curiam), the Supreme Court held that a notice of appeal filed after sentencing but before entry of the judgment conferred jurisdiction upon the court of appeals. The Court emphasized that the premature notice of appeal in that case remained on file on and after the date on which the judgment had become final, and that it "gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged." *Id.* at 326, 74 S.Ct. at 1. No harm having befallen any party, "[w]e think the irregularity is governed by Fed.R.Crim.P. 52(a) which reads 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.'" *Id.*

The instant case differs from *Lemke* in that Green's notice of appeal preceded sentencing. Sentencing represents a substantial ingredient of any criminal case which may give rise to additional appellate issues. Nevertheless, all circuits which have faced

the issue have held that a notice of appeal filed before sentencing is sufficient to confer jurisdiction in a direct criminal appeal when the appeal does not question the sentence itself.

The Seventh Circuit, in *United States v. Moore*, 616 F.2d 1030 (7th Cir.), *cert. denied*, 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980), upheld the sufficiency of a premature notice. The court found that Rule 4(b)'s saving provision covered *Lemke*'s post-sentencing paradigm, and, in turn, that the reasoning of *Lemke* applied equally to the pre-sentencing paradigm of the instant case: "Here, as in *Lemke*, the notice of appeal was on file when the formal final judgment was entered and 'gave full notice after that date, as well as before, of the sentence and judgment which [defendant] challenged.'" *Moore*, 616 F.2d at 1032 (quoting *Lemke*, 346 U.S. at 326, 74 S.Ct. at 1). That the filing came before rather than after sentencing was inconsequential because the premature filing met *Lemke*'s protective criteria of (i) remaining on file and (ii) giving full notice to the government and the court; thus the premature filing "was an irregularity governed by Rule 52(a)." *Id.* (footnote omitted).

The *Moore* court bolstered its conclusion by assessing the impact of the 1979 amendments to Fed.R.App.P. 4(a), which governs the timing of civil appeals. Those amendments achieved two purposes. First, in Rule 4(a)(2), they established a saving provision for premature notices of *civil* appeals which is identical to the second sentence of Rule 4(b). The purpose of this amendment was to "extend to civil cases the provisions of Rule 4(b), dealing with criminal cases, designed to avoid the loss of the right to appeal by filing the notice of appeal prematurely." Advisory Committee on Appellate Rules, 1979 Amendment, Note to Subdivision 4(a)(2). The second purpose, effected in Subdivision 4(a)(4), was to limit the scope of the 4(a)(2) saving provision. Such limits were not placed on premature notices of *criminal* appeals. The Advisory Committee, reasoned the *Moore* court, deliberately chose not to place any type of restrictions on prematurely filed notices of criminal appeals. The court inferred from that choice "a reluctance to interpose technical obstacles to appeals on the merits in criminal cases." *Id.* at 1032 n. 2.

The Eleventh Circuit followed the Seventh Circuit in *United States v. Curry*, 760 F.2d 1079 (11th Cir.1985) (per curiam). That opinion essentially echoed *Moore*, without adding new analysis to the inquiry.

Finally, the Third Circuit has also recently decided to accept jurisdiction when there has been a premature notice of appeal in a criminal case. *United States v. Hashagen*, 816 F.2d 899 (3d Cir.1987) (en banc). *Hashagen* is important in two respects. First, it overruled that circuit's own precedent. *See United States v. Mathews*, 462 F.2d 182, 183–84 (3d Cir.) (per curiam), *cert. denied*, 409 U.S. 896, 93 S.Ct. 123, 34 L.Ed.2d 153 (1972). Second, *Hashagen* provides thorough and thoughtful analysis of the considerations in favor of allowing the appeal. The Third Circuit isolated important policies at stake in Rule 4(b). The first is judicial economy: rules which govern the timing of appeals ensure that two courts, i.e., the district and appellate courts, will not exercise simultaneous jurisdiction over a single case. Because the notice of appeal does not ripen until the judgment is formally finalized, allowing the appeal does not interfere with the functioning of the district court. *Id.* at 903. Second, notions of fair play are implicated. Premature notices have the potential to confuse litigants as to the existence, vitality, and content of an appeal. *Id.* at 903. But a notice not excessively premature provides the government notice of the intent to appeal the final judgment. Technical barriers which foreclose appeals on the merits also threaten the judicial system's overriding concern with correct and just verdicts. *Id.* at 903. These policies are not threatened by a rule which upholds the sufficiency of premature notices of appeal, provided that neither the court nor the litigants have been unduly prejudiced.

■ We agree with the analysis of the Third, Seventh, and Eleventh Circuits. In a situation like that before us, there is no reason in law or policy why we should not

accept jurisdiction. The "harmless error" doctrine expressed in Fed.R.Crim.P. 52(a) is central to the purpose of the modern rules of federal procedure, which are designed to decide cases on the merits rather than to dispose of them on technicalities. *See also* Fed.R.Crim.P. 2 (mandating that the rules are to be construed "to secure simplicity in procedure").

 Having determined that Rule 4(b) allows us to consider appeals if the notice was filed before sentencing, we now ask whether the facts justify allowing Green to proceed. The notice of appeal was filed after the district court's announcement on October 18 of its "decision" to accept the conditional guilty plea, but before entry of the judgment on December 5. Green's notice of appeal referenced only the district court's order of October 18 denying his motion to dismiss the indictment; it made no reference to the *judgment* from which the appeal was to be taken. In other circumstances we might construe the notice as a truly interlocutory appeal and not from the final judgment against Green. But Green entered a conditional plea of guilty under Fed.R.Crim.P. 11(a)(2), which permits an appeal of "the adverse determination of any specified pretrial motion." This plea was entered and accepted on the same day the court denied Green's motion to dismiss and before he filed the notice of appeal. In *United States v. LaChance*, 788 F.2d 856 (2d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 271, 93 L.Ed.2d 248 (1986), a defendant's notice of appeal after a conditional guilty plea made a declaration like that here. The court held that the appeal was properly before it because " '[a] mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced.' " *Id.* at 861, citing *Sanabria v. United States*, 437 U.S. 54, 67 n. 21, 98 S.Ct. 2170, 2180 n. 21, 57 L.Ed.2d 43 (1978).

Somewhat bothersome is that during sentencing the district court raised the issue of the possible prematurity of the appeal and all but instructed Green's attorney to file a new notice after sentencing. We commend the district judge's alertness. Given the attorney's uncertainty about the proper procedure under Fed.R.Crim.P. 11(a)(2), it is incomprehensible that he did not file a new notice to insure that his client's right to a direct appeal would not be lost; he risked a charge of incompetent counsel. But we will not penalize the client for the attorney's lack of acuity unless the law requires it. And as we note above, we believe Fed.R.App.P. 4(b) permits us to hear the appeal unless undue prejudice would result.

Green's notice of appeal informed all parties and the court of the precise issue to be appealed. The notice of appeal remained on file until, and beyond, the entry of judgment on December 5. Neither the government nor this court suffered prejudice from his filing the notice of appeal before sentencing.

Our earlier order and judgment is WITHDRAWN; and the parties are ordered to brief the merits of the appeal, with appellant's brief to be filed within the time limits provided in Tenth Cir.R. 31.1.

IT IS SO ORDERED.