**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mary A. WALKER,**
**Defendant–Appellant.**

No. 89–5135.

United States Court of Appeals,
Tenth Circuit.

Oct. 15, 1990.

Curtis J. Biram, Biram & Kaiser, Tulsa, Okl., for defendant-appellant.

Tony M. Graham, U.S. Atty., and Gordon B. Cecil, Asst. U.S. Atty., for plaintiff-appellee.

Before McKAY, McWILLIAMS and TACHA, Circuit Judges.

TACHA, Circuit Judge.

The defendant-appellant Mary Walker appeals her conviction on six counts of mail fraud in violation of 18 U.S.C. § 1341. We affirm.[1]

The defendant was employed by Parrish & Clark, Inc. and Four Stars Motor Parts, Inc. as an accounts payable clerk from 1973 until 1987. She began embezzling from her employer in 1979. The defendant would present a false invoice and a check made out to the supplier named in the invoice. After the check was signed, the defendant would mark out the supplier's name and insert her own. She would then deposit the check in her personal checking account or cash it at a grocery store or business.

The check would pass through normal banking channels. The employer's bank would send the employer a bank statement and the cancelled checks through the mails. These documents would be delivered to the defendant after the envelope had been opened by the company president or the office manager. The defendant would reconcile the bank statements and place the documents in an unlocked filing cabinet in the main office. She normally left her name on the checks, although she occasionally erased her name on a cancelled check and inserted a supplier's name. From 1979 until February 1987, the defendant altered 400 to 450 checks totalling approximately $180,000. The defendant realtered only 12

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

to 20 of these checks after they were cancelled.

On April 6, 1989, the defendant was indicted on six counts of mail fraud. All six counts of the indictment are supported by checks that were not realtered after they were cancelled. A jury convicted the defendant on all six counts of mail fraud.

█ Initially, we must determine whether this court has jurisdiction to hear this appeal. We ordered the parties to submit memorandum briefs on the question of whether this court has jurisdiction in a criminal matter when the notice of appeal is filed after the jury verdict but before sentencing. We conclude that this court does have jurisdiction under 28 U.S.C. section 1291.

The defendant was convicted on July 18, 1989. She filed her Notice of Appeal and Application to Proceed *in forma pauperis* on July 25, 1989. This appeal was assigned a number in August 1989 and the trial transcript was ordered on September 6, 1989. Sentencing was on September 25, 1989. The district court entered its judgment on October 3, 1989.

█ The courts of appeal have no jurisdiction other than what is conferred upon them by statute. *See Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1054–55, 79 L.Ed.2d 288 (1984). 28 U.S.C. section 1291 limits this court's jurisdiction to appeals from "final decisions of the district courts." The final judgment rule prohibits appellate review in a criminal case until conviction and imposition of a sentence. *United States v. Thompson*, 814 F.2d 1472, 1474 (10th Cir.), *cert. denied*, 484 U.S. 830, 108 S.Ct. 101, 98 L.Ed.2d 61 (1987).

This court recently addressed the question of whether we have jurisdiction when a notice of appeal is filed after conviction but before sentencing in *United States v. Green*, 847 F.2d 622 (10th Cir.1988). In *Green*, the defendant entered a conditional guilty plea and then filed his notice of appeal before he was sentenced. After carefully reviewing the decisions addressing this question, the court noted that all

circuits faced with this issue have concluded that a premature notice of appeal is sufficient to confer jurisdiction in a direct criminal appeal when the appeal does not question the sentence itself. 847 F.2d at 623–24. The court reasoned that the "harmless error" doctrine expressed in Federal Rule of Criminal Procedure 52(a) "is central to the purpose of the modern rules of federal procedure, which are designed to decide cases on the merits rather than to dispose of them on technicalities." *Id.* at 625.

The government attempts to distinguish *Green* because it involved a conditional guilty plea and thus the notice of appeal informed all parties and the court of the precise issue to be appealed. It argues that the notice of appeal in the present case, however, only gave notice of the defendant's intent to appeal. The parties and the court did not have notice of the exact issues to be raised on appeal.

The government reads *Green* too narrowly. The cases on which the court in *Green* relied, including *United States v. Hashagen*, 816 F.2d 899, 901 (3rd Cir.1987), *United States v. Curry*, 760 F.2d 1079 (11th Cir.1985), and *United States v. Moore*, 616 F.2d 1030, 1031 (7th Cir.), *cert. denied*, 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980), did not involve conditional guilty pleas. In *Hashagen, Curry,* and *Moore,* the defendants filed notices of appeal following jury verdicts of guilty but before sentencing occurred. The notices of appeal did not specify the exact issues the defendants intended to address on appeal. Each of these courts emphasized that the parties and the court had received notice of the defendant's intent to appeal, not that they had received notice of the particular issues the defendant would address on appeal. We therefore hold that a premature notice of appeal filed after a guilty verdict is returned but before sentencing ripens when the judgment is formally finalized even if the notice of appeal does not specify the issues to be raised on appeal. Walker's notice of appeal ripened and this court was therefore conferred with jurisdiction when the district court entered judgment on October 3, 1989.

We next consider the defendant's contention that the evidence presented at trial was insufficient to convict her of mail fraud. In particular, she contends that the bank statements and cancelled checks received by the defendant's employer in the mails were not sufficiently related to the embezzlement scheme to satisfy the mailing element of the crime of mail fraud.

 The government argues the defendant failed to preserve this issue for appellate review. The defendant moved for judgment of acquittal based on this argument at the close of the government's case-in-chief. The trial court denied this motion. The defendant then presented evidence in her own behalf. She did not renew her motion for judgment of acquittal at the close of all evidence introduced at trial.

This court has repeatedly held that a defendant who moves for a judgment of acquittal at the close of the government's case must again make this motion at the close of the entire case if he introduces evidence in his defense. By presenting such evidence, the defendant is deemed to have withdrawn his or her motion and thereby to have waived any objection to its denial. *United States v. Morris*, 623 F.2d 145, 152 (10th Cir.), *cert. denied*, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609 (1980); *United States v. Guerrero*, 517 F.2d 528, 530 (10th Cir.1975). This court will therefore reverse the district court's judgment only if there is a manifest error and it is necessary to prevent a miscarriage of justice. *Guerrero*, 517 F.2d at 531; *Corbin v. United States*, 253 F.2d 646, 648 (10th Cir. 1958).

 Our review of the record in this case reveals no manifest error. The Supreme Court recently addressed what the government must prove to establish the mailing element of the crime of mail fraud. *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 *reh'g denied*, —— U.S. ——, 109 S.Ct. 2091, 104 L.Ed.2d 654 (1989). The Court held that the mailing element is satisfied if the mailings are incident to an essential part of the scheme to defraud. The mailings need not be an essential element of the scheme. *Id.* at 1449–50.

Defendant did testify that she did not intend to rely on the U.S. mails to carry out her scheme. The jury, however, could have reasonably inferred from the evidence that Walker relied on her employer's habitual failure to review the cancelled checks mailed to the company president or the office manager by the bank. She was also able to conceal her fraudulent scheme because she was the individual responsible for reconciling the bank statements and filing the cancelled checks. The jury reasonably concluded that the defendant's receipt of the mailed bank statements and cancelled checks were incident to an essential part of the scheme: preventing the discovery of the fraud. We therefore AFFIRM the district court's judgment entered October 3, 1989.