**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**James CRONAN, Defendant–Appellant.**

**No. 90–3661
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 23, 1991.

Patrick Fanning, New Orleans, La. (Court-appointed), for defendant-appellant.

Peter G. Strasser, John O. Braud, Asst. U.S. Attys., Harry Rosenberg, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before DAVIS, SMITH, and DUHÉ, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

James Cronan challenges his conviction on the ground that certain evidence should have been suppressed. Finding no error, we affirm.

## I.

Federal law enforcement agents conducting a narcotics investigation observed Cronan leaving his apartment and driving to a nearby Shoney's restaurant where a man, later identified as Edward Galjour, entered

Cronan's car. After the two men drove around the parking lot for a short while, Galjour got out of the car and Cronan drove away. Agents immediately stopped Galjour and found him to be in possession of a "bundle" (twenty-five individually packaged dosage units) of heroin weighing a total of 3.8 grams.

Galjour agreed to cooperate with the agents and identified Cronan as the supplier of the heroin. Galjour further cooperated by calling Cronan to arrange another sale. During the conversation, which the agents recorded, Galjour asked Cronan whether he could purchase two more bundles. Cronan replied, "No, I have enough for one." The two agreed on the sale of one bundle, and Cronan immediately returned to Shoney's, where agents stopped him and found him to be in possession of one bundle of heroin weighing 3.6 grams.

After Cronan's arrest, Drug Enforcement Administration special agent William Hanlon, who was present at Cronan's arrest, sought and obtained a search warrant for Cronan's apartment. Execution of the warrant resulted in the seizure of, *inter alia*, approximately eighty-five grams of heroin, related paraphernalia, over $5,000 in cash, and a safe deposit box key. Another warrant subsequently issued for the search of the safe deposit box, which was found to contain $20,000 in cash.

Cronan moved to suppress the evidence seized from his apartment and safe deposit box. After a hearing, the court denied the motion and proceeded to trial. A jury found Cronan guilty of one count of distribution of heroin and one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1).

## II.

■ We must examine the basis of our own jurisdiction, *sua sponte* if necessary. *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir.1985). Cronan took the unusual step of filing his notice of appeal prior to sentencing and the entry of the judgment and commitment order, although Fed.R. App.P. 4(b) states that "[i]n a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days *after the entry of ... the judgment or order appealed from...."* [Emphasis added.] [1]

■ We now join our sister circuits that have concluded that a premature notice of appeal following a criminal jury verdict but prior to sentencing and entry of the judgment of conviction is effective to perfect an appeal as of the date the sentence is entered as a judgment. *See United States v. Walker*, 915 F.2d 1463, 1465 (10th Cir. 1990); *United States v. Wade*, 841 F.2d 331, 332 (9th Cir.1988) (per curiam) (citing *Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953)); *United States v. Hashagen*, 816 F.2d 899, 906 (3d Cir.1987) (en banc); *United States v. Curry*, 760 F.2d 1079, 1079–80 (11th Cir.1985) (per curiam); *United States v. Moore*, 616 F.2d 1030, 1031–32 (7th Cir.), *cert. denied*, 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980)).[2] Especially persuasive is the analysis contained in most of these opinions [3] that relies upon the fact that rule 4(b) does not contain the language in Fed.R. App.P. 4(a)(4) providing that, under certain circumstances, a premature notice of appeal "shall have no effect." [4] Thus, we treat Cronan's notice of appeal as effective

---

**1.** In a criminal case, "[t]he sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212–13, 58 S.Ct. 164, 165–66, 82 L.Ed. 204 (1937).

**2.** *See also United States v. Green*, 847 F.2d 622, 624–25 (10th Cir.1988) (en banc) (notice of appeal filed after conditional plea of guilty but before sentencing is sufficient to invoke jurisdiction). *But cf. United States v. Jones*, 669 F.2d 559, 561 (8th Cir.1982) (per curiam).

**3.** I.e., *Wade*, 841 F.2d at 332; *Hashagen*, 816 F.2d at 905 n. 8; *Curry*, 760 F.2d at 1080; *Moore*, 616 F.2d at 1032 n. 2.

**4.** *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667–68 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). We observed the difference between rule 4(a)(4) and rule 4(b) in *United States v. Burns*, 668 F.2d 855, 858 (5th Cir.1982).

as of the entry of his judgment of conviction and sentence.[5]

### III.

On appeal, Cronan argues that the district court erred in denying his motion to suppress the evidence seized from his apartment and his safe deposit box. Cronan's challenge focuses upon Hanlon's failure to inform the magistrate, in his affidavit in support of his application for the search warrant, that Cronan told Galjour during the recorded phone conversation that he had enough heroin for only one bundle.

Cronan maintains that this information was an indication that there were no longer any drugs to be found in the apartment after Cronan was arrested with one bundle of heroin. He argues that the magistrate would not have issued the search warrant had this omitted information been contained in Hanlon's affidavit. He further asserts that Hanlon acted deliberately or with reckless disregard for the truth in swearing out a false and misleading affidavit. Finally, he contends that, because probable cause for the subsequent search of the safe deposit box was based upon evidence seized in the first illegal search, the evidence seized in the second search also is inadmissible.

██ The omission of information from an affidavit in support of an application for a search warrant may require exclusion of the evidence found pursuant to the execution of that warrant if (1) the omission was knowingly and intentionally made or was made in reckless disregard for the truth and (2) the inclusion of the omitted information would render the affidavit insufficient to support a finding of probable cause. *United States v. Martin*, 615 F.2d 318, 329 (5th Cir.1980) (construing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). The requisite intent may be inferred from an affidavit omitting facts that are "clearly critical" to a finding of probable cause. *Id.*

Cronan's argument fails for two reasons. First, in addition to heroin, the search warrant authorized agents to search for drug-related items such as cutting agents, paraphernalia, cash, "business" records, and documents tending to establish the identity of other persons involved in drug trafficking. Thus, the omitted information was not material to a finding of probable cause with respect to the presence of these items.

Second, probable cause that heroin would be found at the residence is not vitiated by the inclusion of the omitted information. Assuming, as Cronan would require, that he had no reason to lie to Galjour about being unable to supply him with two bundles, the magistrate hardly would be compelled to conclude that Cronan meant that he possessed no more than one bundle of heroin. As the government points out, Cronan may have had heroin designated for other buyers or personal consumption or may have had only one bundle prepared for immediate sale.

The motion to suppress was properly denied. The judgment is AFFIRMED.

---

**5.** Cronan does not appeal his sentence. We leave for another day the question of whether a defendant may appeal his sentence where his notice of appeal is filed after a verdict but before sentencing. *See Green,* 847 F.2d at 624 ("[A]ll circuits which have faced the issue have held that a notice of appeal filed before sentencing is sufficient to confer jurisdiction ... *when the appeal does not question the sentence itself.*" (Emphasis added.)).