961 F.2d 1565
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Vicente Joaquin GONZALEZ, and Hector Berrios Colon,
Defendants, Appellants.
UNITED STATES OF AMERICA, Appellee,
v.
Vicente Joaquin GONZALEZ & Hector Berrios Colon, Plaintiffs,
Appellants.
 Nos. 91-2216, 92-1075.
 United States Court of Appeals,
First Circuit.
 May 8, 1992
 
 J.C. Codias on Memorandum in Response to Show Cause Order for appellants.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Selya, Circuit Judge.
 Per Curiam.
 
 
 1
 Defendants Vicente Joaquin Gonzalez and Hector Berrios Colon, who are jointly represented by Miami attorney J.C. Codias, are attempting to appeal from their drug convictions. As was the case with their earlier effort to appeal from post-verdict orders of detention, Mr. Codias' dereliction has here produced one procedural misstep after another. As a result, we are constrained to dismiss the appeals for lack of jurisdiction under Loc. R. 27.1.
 
 I.
 
 2
 On July 5, 1991, a jury convicted Gonzalez and Berrios (along with a third defendant, Alfredo Nueva) of two drug offenses: conspiracy to import cocaine and possession with intent to distribute. The district court denied motions by Gonzalez and Berrios for bail pending appeal, and set sentencing for October 11. Mr. Codias' efforts thereafter to appeal from such detention orders were fraught with unnecessary confusion. On July 9, Gonzalez filed a notice of appeal (No. 91-1639) "from the final sentence entered by the Jury," and then moved in this court for bail pending appeal. Following a show cause order, we issued an order on July 26 dismissing Gonzalez' appeal without prejudice. We first pointed out that, since no judgment had yet entered, his notice of appeal from the sentence was improper, as was his effort to seek bail by way of a motion. We stated: "As a means of gaining review on the merits, his notice of appeal is of course premature. And as a means of gaining review of the detention order, the notice of appeal is defective in that it makes no reference to that order." While noting that such noncompliance with Fed. R. App. P. 3(c) was problematic, we rested the dismissal principally on a belief that a written motion for release was pending below. Gonzalez subsequently informed us that, in fact, no such motion was pending. Accordingly, in an August 12 order, we granted his motion for reconsideration. We further ruled that, in light of his subsequent filings, the intention to appeal from the detention order could be fairly inferred from his notice of appeal. We therefore vacated the earlier dismissal and, on the merits, remanded for a statement of reasons from the district court.
 
 
 3
 Meanwhile, Mr. Codias had filed an identically worded notice of appeal on Berrios' behalf on July 23. In his response to a show cause order (and an accompanying motion to join in Gonzalez' motion for bail), Berrios made clear that he wished to appeal from the district court's detention order. Thereafter, as to both appeals, the district court provided a statement of reasons, and the two defendants filed objections thereto on October 3. In an order dated October 21, we affirmed the orders of detention. Following denial of petitions for rehearing en banc, mandate issued in the two bail appeals on December 27. And on January 7, 1992, we denied as moot defendants' motion to consolidate these two appeals, noting that they "involved only the issue of bail pending appeal and are now closed."
 
 
 4
 On October 11, meanwhile, all three defendants were sentenced (to 20-year prison terms) and judgment was entered. To both Gonzalez and Berrios, the district court stated at sentencing that "you have a right to appeal" and "the notice of appeal shall be filed in the district court within 10 days from today." Codefendant Nueva acted promptly, filing his notice of appeal on October 15. Not until November 12, however, did Mr. Codias do so on behalf of Gonzalez and Berrios, accompanying their joint notice of appeal with a request to file belatedly. This was 22 days after the 10-day appeal period expired (on October 21), but within the 40-day "balloon" period provided by Fed. R. App. P. 4(b) in cases of "excusable neglect" (which ran through November 20).[1] In the request for an extension, Mr. Codias stated he was "under the impression" that the two earlier notices of appeal in the bail appeals "would also act as notice[s] of appeal from the judgment[s] of conviction." We issued a show cause order and defendants responded in early December 1991. Meanwhile, the government opposed the motion below for extension on the ground that no excusable neglect had been shown, and the court denied it in a margin order filed on December 16. The court stated: "Counsel is well aware that the notice of appeal filed in July concerned the issue of bail pending sentencing only. Counsel's extensive experience in Federal Court practice belies his reasons for excusable neglect under Rule 4(b) FRAP." Mr. Codias thereafter filed on behalf of Gonzalez and Berrios a separate appeal (No. 92-1075) from the denial of their motion to extend. Incredibly, this second notice of appeal was not filed until December 30---four days late.
 
 II.
 
 5
 In both his response to the show cause order in No. 91-2216 and his brief in No. 92-1075, Mr. Codias's central contention is that the notices of appeal from the detention orders were effective, albeit premature, means of appealing from the judgments of conviction as well. Many of his subsidiary arguments are oblique, sometimes indecipherable. He persists in his misunderstanding of the Federal Rules. For example, his computation of the 10-day filing period remains in error.[2] And he continues to overlook the distinction between appealing from a detention order and a judgment of conviction.[3] Moreover, as he did earlier in the confusion over the bail appeals, Mr. Codias makes much of his communications with clerk's office personnel in what appears to be an attempt to shift responsibility for the procedural oversights. For example, he states that, after sentencing,
 
 
 6
 [u]ndersigned counsel again contacted the Appeals Clerk for the District of Puerto Rico ... prior to the 10 days expiration period to inquire whether there was any outstanding notice of appeal or unpaid fee pertaining to these Appellants. The docket record was checked revealing there was no outstanding required notice of appeal or filing fees due on the record pertaining to this final appeal. Appellants felt secure in their knowledge they had duly complied with all necessary filings.
 
 
 7
 Brief at 7.[4] Mr. Codias also explains that he only learned of the possible procedural default when, on November 6, the clerk's office of this court advised him that another notice of appeal would be necessary. "Rather than argue that this had already been done which would have delayed the proceeding," id., he filed the November 12 notice of appeal. As suggested by this last statement, he has not effectively acknowledged error on his part. While admitting to "inexactitude," id. at 12, and "an occasional oversight," id. at 9, he insists that "in the instant case all possible precautions were taken to insure timely notification of defendant[s'] intent to appeal." Id.
 
 III.
 
 8
 We are unable to conclude, under the circumstances of this case, that the defendants' bail appeals were effective means of appealing from the convictions as well. To be sure, there is widespread support for giving effect to premature criminal appeals. In Lemke v. United States, 346 U.S. 325 (1953) (per curiam), petitioner filed his appeal one day after sentencing but three days before entry of judgment. The Court noted that the notice of appeal was "still on file [on the date of judgment] and gave full notice after that date, as well as before, of the sentence and judgment which petitioner challenged." Id. at 326. As the irregularity did not affect "substantial rights," Fed. R. Crim. P. 52(a), the Court treated it as harmless error and deemed the appeal effective.
 
 
 9
 While this court has not addressed the issue, other courts have reached the same result in cases where a notice of appeal was filed after verdict but before sentencing. Perhaps the most thorough analysis appears in United States v. Hashagen, 816 F.2d 899 (3d Cir. 1987) (en banc ). There, a premature notice of appeal (filed two days before sentencing and three days before entry of judgment) was held to ripen and become operative upon entry of judgment. Reversing one of its earlier decisions, the court deemed the second sentence of Fed. R. App. P. 4(b) applicable,[5] in that the guilty verdict could be considered an announcement of a "decision" or "order." Id. at 902. It pointed out that Rule 4(b) does not contain the language of Rule 4(a)(4) providing that, under certain circumstances, a premature notice of appeal in civil cases "shall have no effect." Id. at 905 n.8. Relying on the harmless error rule and "notions of fair play," it therefore concluded that a premature appeal should be given effect so long as (1) it provided the government with sufficient notice of the intention to appeal from the final judgment, and (2) the government was not otherwise prejudiced. Id. at 903-06. As both criteria were met, the court concluded it had jurisdiction. Other courts have echoed this approach.[6]
 
 
 10
 It is also true that several factors militate in favor of applying this analysis here. The Hashagen court suggested that most post-verdict, pre-judgment notices of appeal would be effective:
 
 
 11
 Because a notice of appeal filed by a defendant after conviction but before sentence informs the government of the defendant's intention to challenge his conviction, we believe that anything less than an extraordinarily premature notice of appeal causes no prejudice to the prosecution and should be as effective in triggering an appeal as it is in providing notice to the appellant's adversary.
 
 
 12
 Id. at 903. And it went on to state: "Indeed, we find it difficult to conceive of any set of circumstances in which the filing of a notice of appeal after verdict and before sentence could prejudice the government." Id. at 904. Of course, the notice of appeal there was only three days early, while in the instant case defendants' bail appeals were filed some three months prior to judgment. Yet some of the other cases cited above involved intervals approximating that involved here. See United States v. Walker, 915 F.2d 1463, 1465 (10th Cir. 1990) (notice of appeal filed some 68 days before judgment); United States v. Winn, 948 F.2d 145, 152 (5th Cir. 1991) (65 days), cert. denied, 60 U.S.L.W. 3688 (U.S. April 6, 1992); United States v. Green, 847 F.2d 622, 623 (10th Cir. 1988) (38 days). Concerning the element of notice to the government, one could argue as well that defendants adequately manifested their intention to appeal their convictions by seeking bail pending sentencing, by (mis)designating their notices of appeal as being from the "jury verdict," and by thereafter filing another notice of appeal with a request for an extension. And the element of prejudice-"whether the government has been misled by an arguably defective notice of appeal," Winn, 948 F.2d at 155-is generally considered absent when the government has fully briefed the issues. See id. (citing cases). Here, briefing has not yet occurred (except for defendants' brief, submitted on an expedited basis, in No. 92-1075).
 
 
 13
 Notwithstanding the force of these considerations, two related problems remain. First, unlike in the Hashagen line of cases, the defendants' initial appeals here were not premature attempts to appeal from the convictions, but were independent, viable appeals from the detention orders.[7] Rather than lying dormant pending judgment, they were addressed by this court and ultimately disposed of in a written order.[8] Defendants thereafter filed a petition for rehearing en banc, but only raised arguments relating to the bail determination; no mention was there made that they were relying on these appeals as a vehicle for appealing from the judgments. Under these circumstances, it is difficult to conclude that defendants provided notice of an intention to appeal the judgments by means of these appeals. The second problem is that mandate has issued in these cases, and defendants have filed no motion to recall mandate. Relying on the bail appeals to confer appellate jurisdiction over the present appeals thus proves unavailing, in that the former are no longer extant.
 
 
 14
 With the bail appeals set aside, what we have before us are the appeals in Nos. 91-2216 and 92-1075-both of which are untimely. Appellate jurisdiction over the former is plainly lacking, given that the district court denied the motion to file late. See, e.g., United States v. Zuleta-Molina, 840 F.2d 157, 158 (1st Cir. 1988) (per curiam) (as notice of appeal was late, and as no extension had been granted, this court lacked jurisdiction). The latter is in a slightly different posture, in that no motion for extension was filed. Technically, as the notice of appeal there was filed within the 40-day extension period, we could construe the notice as a motion for extension, see, e.g., United States v. Estela-Melendez, 878 F.2d 24, 26 (1st Cir. 1989) (per curiam); United States v. Twomey, 845 F.2d 1132, 1133-34 (1st Cir. 1988), and remand for a (second) determination by the district court as to whether defendants have shown excusable neglect. But such an undertaking would be pointless. Mr. Codias has made no attempt to explain the late filing in No. 92-1075. It is safe to assume that the district court would not find excusable neglect for the late filing of an appeal from an order finding no excusable neglect for the late filing of an earlier appeal. And, even if the district court were so disposed, this court would not be.[9]
 
 
 15
 The remaining question is what is now to be done. Due to Mr. Codias' ineffective representation, it is clear that defendants have a remedy by way of a § 2255 action. As we have recently explained in Bonneau v. United States, No. 91-1584 (1st Cir. April 6, 1992), where a defendant is deprived of his constitutional right to appeal because of the dereliction of counsel, he is entitled to be resentenced to permit a direct appeal from his conviction, without having to establish preliminarily that such an appeal would be meritorious. Given the clearcut nature of the constitutional violation here, this court has given thought to expediting matters by sua sponte vacating the judgments and remanding for reimposition of sentence. As some question exists, however, as to our jurisdiction to do so, we think the appropriate course is to have defendants pursue such relief by way of a collateral action. The district court is directed to act promptly on such § 2255 petitions as may be filed. Whether Mr. Codias (who is privately retained) should maintain any involvement in future proceedings is a matter best left to the informed discretion of the appellants and/or the district court.
 
 
 16
 The appeals in Nos. 91-2216 and 92-1075 are dismissed for lack of jurisdiction under Loc. R. 27.1. The government's costs from these appeals shall be borne by Mr. Codias personally. Copies of this decision shall be sent to each of the appellants.
 
 
 
 [1]
 Rule 4(b) provides in relevant part:
 In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from.... Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 Fed. R. App. P. 4(b).
 
 
 [2]
 Mr. Codias states that, once the "excludable time" of Fed. R. App. P. 26(c) is considered, the 10-day filing period ran from October 11 to November 1. Rule 26(c), however, isinapplicable in this context. See, e.g., United States v. Zuleta-Molina, 840 F.2d 157, 158 n.1 (1st Cir. 1988) (per curiam). And even if it did apply, it would not warrant the suggested 11-day extension
 
 
 [3]
 While acknowledging that Gonzalez' July 9, 1991 notice of appeal in No. 91-1639 was misdesignated, Mr. Codias argues in confusing fashion that Berrios' July 23 notice of appeal in No. 91-1853 "was properly designated as being from the final jury verdict," since it was not until later that Berrios joined in Gonzalez' motion for bail. This flies in the face of Berrios' response to the show cause order, in which he made clear that he wished to appeal from the detention order. And even if an appeal from the "jury verdict" were otherwise proper, this appeal would have been untimely
 
 
 [4]
 We have difficulty deciphering this passage. Mr. Codias stops short of stating that the clerk's office informed him that no new notice of appeal was necessary following sentencing. Nor did he make any such assertion below in requesting an extension
 
 
 [5]
 This sentence states: "A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof."
 
 
 [6]
 See United States v. Winn, 948 F.2d 145, 154-56 (5th Cir. 1991), cert. denied, 60 U.S.L.W. 3688 (U.S. April 6, 1992); United States v. Cronan, 937 F.2d 163, 164-65 (5th Cir. 1991); United States v. Walker, 915 F.2d 1463, 1465 (10th Cir. 1990); United States v. Green, 847 F.2d 622, 623-25 (10th Cir. 1988); United States v. Wade, 841 F.2d 331, 332 (9th Cir. 1988); United States v. Curry, 760 F.2d 1079, 1080 (11th Cir. 1985) (per curiam); United States v. Moore, 616 F.2d 1030, 1031-32 (7th Cir.), cert. denied, 446 U.S. 987 (1980)
 Most of these cases left unresolved the issue of whether a notice of appeal filed before sentencing would permit a challenge to the sentence itself. The Winn court, however, held this was permissible. 948 F.2d at 154-55. But cf. United States v. Dennis, 902 F.2d 591 (7th Cir.) (finding notice of appeal from judgment of conviction ineffective to challenge district court's subsequent imposition of costs), cert. denied, 111 S. Ct. 206 (1990). It is not clear whether defendants in the instant case intend to challenge their sentences.
 
 
 [7]
 In United States v. Whitaker, 722 F.2d 1533, 1534-35 (11th Cir. 1984), the court held that a written motion for release pending appeal, filed after sentencing, constituted an effective notice of appeal from the judgment. Defendants' case here is of course weaker than in Whitaker, in that they sought bail prior to sentencing-and failed to do so afterwards
 
 
 [8]
 That order, coincidentally, issued on October 21, 1991-the final day to appeal from the judgment
 
 
 [9]
 To be sure, the term "excusable neglect" has a broader sweep in the criminal (as compared to the civil) context. See, e.g., United States v. Ferrer, 613 F.2d 1188, 1191 (1st Cir. 1980) (taking note of "the criminal defendant's special interest in his appeal and the shorter initial period for appeal"). And "in a criminal setting we accord great deference to the district court's ruling on excusable neglect." Id. (quotations omitted). Yet contrary to Mr. Codias' suggestion, attorney neglect will only provide grounds for a Rule 4(b) extension if it is "excusable." See, e.g., United States v. Twomey, 845 F.2d at 1134 (finding that defense counsel acted in "reasonably diligent fashion" and thus that district court abused its discretion in denying extension). Unexplained, "inexcusable" neglect on the part of an attorney will not warrant Rule 4(b) relief. See, e.g., United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 213 (9th Cir. 1990) (citing cases)