**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JOSE GUSTABO PACHECO-HUIZAR,

      Defendant - Appellant.

No. 07-1139
(D.C. No. 06-CR-335-MSK)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Jose Gustabo Pacheco-Huizar, a federal prisoner proceeding pro se, appeals from his conviction and sentence for one count of illegal reentry subsequent to deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He has timely appealed.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291,

---

    * After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th CIR. R. 34.1(G). The cause is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th CIR. R. 32.1.

    [1] Mr. Pacheco-Huizar filed his March 30, 2007 notice of appeal four days after the sentencing hearing, but prior to the entry of judgment. Pursuant to Federal Rules of Appellate Procedure, 4(b)(2), "[a] notice of appeal filed after the court announces a

(continued...)

and we dismiss the appeal.

## I. BACKGROUND

In 1995, Mr. Pacheco-Huizar was convicted of an offense classified, pursuant to 8 U.S.C. § 1101(a)(43), as an aggravated felony – possession with intent to distribute a schedule II controlled substance. He was subsequently deported. According to Mr. Pacheco-Huizar, he later reentered the United States because the immigration judge told him, during his 1996 deportation hearing, that he could reenter the United States after five years.

Although initially pleading not guilty, on January 2, 2007, Mr. Pacheco-Huizar changed his plea to guilty. The government agreed to recommend a sentence at the bottom of the applicable advisory Guidelines range. At sentencing, neither the government nor Mr. Pacheco-Huizar objected to the facts or to the sentencing calculations in the presentence report. Further, Mr. Pacheco-Huizar sought no departures or variances from the recommended sentence. After hearing argument and applying the appropriate sentencing factors, the district court sentenced Mr. Pacheco-Huizar to forty-seven months' imprisonment – the bottom of the applicable advisory Guideline range – to be followed by three years of supervised release. Mr. Pacheco-Huizar then filed a notice

[1](...continued)
decision, sentence, or order – but before the entry of the judgment or order – is treated as filed on the date of and after the entry." *See generally United States v. Green*, 847 F.2d 622, 623 (10th Cir. 1988) (en banc). Therefore, we treat the March 27, 2007 notice of appeal as having been filed on April 3, 2007, the date on which the district court entered judgment.

of appeal.

Mr. Pacheco-Huizar's counsel,[2] filed an *Anders* brief[3] "conclud[ing] that this appeal is frivolous in that there is no challenge to the validity of the defendant's guilty plea nor to the defendant's sentence, which is at the bottom of the advisory guideline range." *Anders* Br. at 2. Mr. Pacheco-Huizar, in a supplemental brief, states that his appeal is based on his counsel's ineffectiveness for failing to challenge the 1996 deportation order as he was deprived of his constitutional rights during the deportation hearing. *See* Supplemental Brief in Support of Appellant's Opening Brief, at 4, 6-7.

## II. DISCUSSION

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Samuels*, 493 F.3d 1187, 1193 (10th Cir. 2007) ((quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir.1995)) (en banc)). This rule assures that we review ineffective assistance of counsel claims only when the factual record is fully developed. *United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). Although we may undertake a review in the rare case where the record is sufficiently developed, *see Samuels*, 493 F.3d at 1193, this is not one of those rare cases. Moreover, even assuming the record was adequately

---

[2] The assistant federal public defender that we appointed to act as Mr. Pacheco-Huizar's appellate counsel also represented him in the district court.

[3] *See Anders v. California*, 386 U.S. 738 (1967).

developed, we would be reluctant to undertake review because "[a]n opinion by the district court is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the district court is familiar with the proceedings and has observed counsel's performance, in context, firsthand." *Brooks*, 438 F.3d at 1242 (internal quotation marks omitted) (quoting *Galloway*, 56 F.3d at 1240).

## III.  CONCLUSION

Because Mr. Pacheco-Huizar's claims of ineffective assistance of counsel are premature, the appeal is **DISMISSED**.

Entered for the Court

Jerome A. Holmes
Circuit Judge
