**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12965

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARQUETT JAMES,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00462-VMC-AAS-1

————————————

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal for lack of jurisdiction is GRANTED, and this appeal is DISMISSED.

Liberally construed, Marquette James's pro se notice of appeal designates the magistrate judge's July 23 report and recommendation ("R&R") that James's motion to withdraw his guilty plea be denied. *See Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020).

We lack jurisdiction to review the R&R for several reasons. First, the magistrate judge's recommendation had not been rendered final by the district court at the time of the filing of this notice of appeal, and the district court's subsequent adoption of the R&R did not cure James's premature notice of appeal. *See Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998). Second, at the time of the filing of this notice of appeal, James had not yet been sentenced, and the denial of a motion to withdraw a guilty plea is reviewable on appeal from a final judgment, such that it does not fall within the collateral order doctrine. *See* 28 U.S.C. § 1291; *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985); *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017). Lastly, because James has since filed a second notice of appeal from his final judgment, the denial of his motion to withdraw his guilty plea is reviewable in that appeal, and James is not entitled to two appeals. *See Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018); *United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978).