**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2011

No. 10-50967
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID DELACRUZ, also known as David De-La-Cruz,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-209-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges

PER CURIAM:[*]

David Delacruz appeals his bench trial conviction for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime with aiding and abetting. Delacruz argues that the district court erred by denying his motion to suppress evidence obtained during a search of his residence. He specifically argues that the good-faith exception was not applicable to the warrant because the affiant, Sergeant Donald Repp, omitted certain facts that were critical to a proper finding of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probable cause.  Delacruz also argues that the warrant lacked probable cause because the supporting affidavit was "bare bones."

Delacruz specifically contends that Sergeant Repp's affidavit omitted (1) the fact that alleged marijuana seeds and stems found in the garbage in front of a residence controlled by Delacruz were not field tested and (2) the fact that when officers contacted Delacruz to set up a controlled buy, Delacruz's brother showed up instead.  According to Delacruz, these omissions militated against a confidential informant's (CI) claims that he was a drug dealer and also prevented the magistrate from making an independent determination that there was probable cause to issue a search warrant.

Even in the absence of a field test, the totality of the circumstances reveal that Sergeant Repp had probable cause to suspect that the substance found in the garbage was marijuana.  *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994).  The affidavit included a detailed explanation of Sergeant Repp's history, training, and experience investigating drug cases.  Also, in the affidavit, Sergeant Repp asserted that the trash was filled with loose tobacco and empty cigar wrappers and that he knew from his experience as a narcotics officer that drug dealers often emptied the tobacco from cigars and replaced the tobacco with marijuana to make "'marijuana blunt'" cigars.

Moreover, during his testimony at the suppression hearing, Sergeant Repp stated that the marijuana was "readily recognizable," and that he did not believe he was required to perform a field test.  Delacruz does not refute Sergeant Repp's extensive experience investigating drug crimes or Sergeant Repp's testimony regarding the field testing requirements, nor does Delacruz cite any case law mandating officers to field test marijuana.  *See Waltman v. Payne*, 535 F.3d 342, 347-48 (5th Cir. 2008) (concluding that probable cause existed to believe substance was marijuana, even where field test was negative, based on officers' drug training and experience and knowledge that test was unreliable on fresh marijuana plants).

Furthermore, testimony at the suppression hearing did not reveal any specific details about the attempted controlled buy, and nothing in the record indicates the reason Delacruz's brother might have appeared at the controlled buy.  The inclusion of any information about the attempted controlled buy would not have negated a finding of probable cause given that a reliable CI witnessed Delacruz sell drugs and had also purchased drugs from Delacruz on numerous occasions and that Sergeant Repp conducted a lengthy surveillance of the suspected premises and vehicles and discovered cocaine residue and marijuana seeds and stems in the trash outside of the residence controlled by Delacruz.  *See United States v. Allen*, 625 F.3d 830, 842 (5th Cir. 2010), *petition for cert. filed* (Feb. 2, 2011) (No. 10-999).  In addition, Delacruz had an extensive list of drug-related arrests and encounters with officers, which tends to confirm the CI's statement that Delacruz was knowledgeable of and involved in the drug trade.  *See, e.g., United States v. Satterwhite*, 980 F.2d 317, 321 & n.5 (5th Cir. 1992) (stating that a determination of probable cause requires only a "probability," not "certainty," that contraband will be located at the suspected premises).

Delacruz does not provide any evidence to establish that Sergeant Repp's omission regarding the testing, or lack thereof, of the marijuana and the omission regarding the attempted controlled buy were either material or omitted in reckless disregard for the truth.  *See United States v. McCarty*, 36 F.3d 1349, 1356 (5th Cir. 1994); *United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991).  Because the affidavit was not misleading and set forth detailed information from which the magistrate could determine probable cause, the district court did not err in concluding that the good faith exception to the exclusionary rule applied. *See United States v. Shugart*, 117 F.3d 838, 844 (5th Cir. 1997).  Accordingly, we need not consider Delacruz's argument that the affidavit in support of the warrant did not present sufficient evidence to establish probable cause.  *See United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  The judgment of the district court is AFFIRMED.