# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2012

No. 12-10090
Summary Calendar

Lyle W. Cayce
Clerk

MALEK M. SAMADIAN,

Plaintiff-Appellant,

v.

DANIEL P. MEADE,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-851

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Malek Samadian ("Samadian") appeals the district court's summary judgment granting qualified immunity to Defendant-Appellee Special Agent Daniel Meade ("Agent Meade") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the voluntary report of Lynda Bliss ("Bliss"), an interior decorator, who telephoned the ATF to report what she believed to be a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10090

cache of illegal weapons in the home of Samadian, one of her former clients. Her call was taken by Investigator Larry Jameson and the case was referred to Agent Meade for investigation. After meeting with Bliss and investigating the substance of her statements, Meade applied for and obtained a search warrant from Magistrate Judge Irma Ramirez authorizing agents to search Samadian's home for evidence of his unlawful possession of firearms and hand grenades. During the ensuing search of the house, agents found 24 firearms but no hand grenades. After confirming that the firearms were legally owned, agents left the residence and informed Samadian that none of his property would be taken into custody.

Samadian sued Meade in his individual capacity pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Meade violated his Fourth Amendment right to be free from unlawful searches and seizures by intentionally or recklessly making material misrepresentations and omissions in the warrant affidavit. At issue are discrepancies between Bliss's recollection of what she told Meade during the interview and statements Meade attributed to her in the affidavit. Meade denied falsifying or omitting material information and moved for summary judgment on qualified immunity grounds. The district court granted summary judgment in favor of Meade, ruling that (1) no genuine issues of material fact existed with respect to the materiality of the alleged misstatements and omissions and whether they were made intentionally or recklessly, and (2) a reasonable officer in Meade's position would have believed in the existence of probable cause based on the remaining information contained in the affidavit. Samadian timely appealed.

## DISCUSSION

We review a summary judgment *de novo*, employing the same standard used by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th

2

No. 12-10090

Cir. 2011).  On a motion for summary judgment based on qualified immunity, the burden falls on the plaintiff to rebut the defense "by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Tex. Dept. of Protective & Regulatory Servs.*, 537 F.3d 404, 419 (5th Cir. 2008). The district court held, and we agree, that Samadian failed to carry his burden.

Even if Meade falsified some information in the affidavit, an allegation not supported by the record and a matter on which the district court demurred, the affidavit's remaining content nonetheless established probable cause as a matter of law. It is undisputed that Bliss reported to the ATF, and later confirmed in a formal interview, that Samadian was in possession of hand grenades and sawed-off shotguns, items that are illegal to possess without registration, *see* 26 U.S.C. §§ 5861(d), 5845(a), and "can be identified without special expertise," *see United States v. Warner*, 1981 U.S. Dist. LEXIS 10951, at *9 (N.D. Ohio Feb. 20, 1981). As the district court found, the information Bliss provided bore substantial indicia of reliability: it was detailed, based on personal observations, and corroborated to the extent practicable by photographs, records checks, surveillance and other witnesses with personal knowledge. It is also undisputed that multiple informants reported that Samadian had a very large collection of firearms, including machine guns, and that a search of the National Firearms Registration and Transfer Record ("NFRTR") database revealed that Samadian did not have any firearms registered in his name. Based on that information, without considering the disputed statements, there was ample cause to believe that Samadian was unlawfully in possession of weapons and that evidence of the specified offenses would be found in his home.

We are similarly convinced, as was the district court, that the inclusion of information omitted from the affidavit would not have altered the probable cause

3

determination. Most of the omissions, including statements made about Samadian's race and his purported involvement in terrorism, would not have been appropriate to include in a warrant affidavit. Other omissions, including minor details about the Bliss interview and other aspects of the investigation, concerned relatively trivial matters. Had the omitted information been included with the information detailed above, we agree with the district court that the magistrate judge would have come to the same conclusion. *See United States v. Cronan*, 937 F.2d 163, 165 (5th Cir. 1991).

We also agree with the district court that even if Samadian had discharged his burden of establishing a constitutional violation, Meade would still be entitled to qualified immunity. An agent accused of making false or misleading statements in a warrant affidavit is nonetheless entitled to qualified immunity if, when false material is set aside, and omitted information is supplied, the reconstituted affidavit would have supported a reasonable officer's belief that probable cause existed. *See Malley v. Briggs*, 475 U.S. 335, 344-45 (1986). As explained above, any reasonable officer would have believed, based on the information relied upon by Meade in preparing the affidavit, that there was probable cause to search Samadian's home.

## CONCLUSION

For the foregoing reasons, the summary judgment is AFFIRMED.