[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13955

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PIERRE C. MARC,
a.k.a. Pierre Cine Marc,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00071-WFJ-AAS-1

_____

Before NEWSOM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Pierre Marc, proceeding *pro se*, appeals the district court's endorsed order which directed the government to respond to a single claim raised in his motion seeking judicial notice of fraud upon the court, an evidentiary hearing, and relief for constitutional violations. He also appeals the court's endorsed order denying his motion to correct the first endorsed order.

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "In a criminal case, the final judgment means the sentence. The sentence is the judgment." *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985); *see also Berman v. United States*, 302 U.S. 211, 212-13 (1937). The orders that Marc seeks to appeal are not final because his case has not proceeded to judgment; he has not been convicted or sentenced. *See Curry*, 760 F.2d at 1079.

Under the collateral order doctrine, we may review interlocutory orders that: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from and collateral to the merits of the action; and (3) would be effectively unreviewable on appeal from the final judgment. *United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017) (citing *Flanagan v. United States*, 465 U.S. 259, 263-64 (1984)). The collateral order

doctrine is narrow, and its "reach is limited to trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985). Because Marc may raise, on appeal from a final judgment, arguments about alleged fraudulent conduct, the denial of an evidentiary hearing, and alleged constitutional violations, the orders he challenges are not now reviewable under the collateral order doctrine. *See Shalhoub*, 855 F.3d at 1260; *Koller*, 472 U.S. at 430-31.

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.