**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 26-10163

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUTAURIO PRESHAE CLEMONS,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00400-VMC-AEP-1

————————————————

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

In May 2025, Jutaurio Clemons was convicted of possession of a firearm by a felon. Before sentencing, the district court entered a preliminary order of forfeiture as to Clemons for a seized firearm

and ammunition.  After the court entered judgment, Clemons's attorney filed a notice of appeal, which generated Appeal No. 25-11565.  Neither that appeal nor appointed counsel's motion to withdraw from representing Clemons in that appeal[1] has been resolved, and both remain pending.

Since then, the government notified the district court that the firearm was stolen and that it intended to return it to the rightful owner.  The district court then entered a final order of forfeiture for the seized ammunition.

Clemons filed a pro se notice of appeal that, liberally construed, evinces an intent to appeal from the final judgment and all prior rulings, as well as the final order of forfeiture.  *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken"), 3(c)(4) (providing, however, that "[t]he notice of appeal encompasses all orders that . . . merge into the designated judgment or appealable orders and "[i]t is not necessary to designate those orders"), 3(c)(7) ("An appeal must not be dismissed . . . for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment."); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that pro se filings are liberally construed).  The pro se filing was docketed separately and generated the instant appeal.

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

Clemons, however, has already appealed from the district court's judgment, which drew into question all preceding orders, including the preliminary order of forfeiture.  *See* 28 U.S.C. § 1291; *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985) ("In a criminal case[,] the final judgment [is] the sentence."); *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (explaining that an appeal from a final judgment brings up all prior non-final rulings that produced the judgment); *United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (explaining that preliminary orders of forfeiture become final as to the defendant at sentencing and are included in the judgment); Fed. R. App. P. 4(b)(2) ("A notice of appeal filed after the court announces a decision, sentence, or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.").  He is not entitled to two appeals from the judgment or preceding orders.  *See United States v. Arlt*, 567 F.2d 1295, 1296-97 (5th Cir. 1978).  Thus, Clemons's pro se appeal is DISMISSED as duplicative of his earlier appeal, No. 25-11565, to the extent he challenges the judgment or any orders that preceded it.  *See I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986).

Additionally, Clemons lacks standing to appeal from the district court's postjudgment final order of forfeiture because the preliminary order of forfeiture extinguished his interests in that property.  *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (explaining that, under Article III of the Constitution, our jurisdiction is limited to "cases" and "controversies," which require, *inter alia*, standing); *Wolff v. Cash 4 Titles*, 351 F.3d

1348, 1353 (11th Cir. 2003) (explaining that it is a jurisdictional requirement that litigants establish their standing to appeal); *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019).  Thus, this appeal is DISMISSED to the extent he challenges the district court's postjudgment final order of forfeiture.  *See Amodeo*, 916 F.3d at 973.

Accordingly, this appeal is DISMISSED, sua sponte.  All pending motions in this appeal, including appointed counsel's motion to withdraw from representing Clemons in this appeal, are DENIED as moot.